IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COURTHOUSE NEWS SERVICE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION H-09-1844 |
| § | |
| LOREN JACKSON, in his official § | |
| capacity as Harris County § | |
| District Clerk, et al., § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are (1) a motion to dismiss this action as moot (instrument #39) in light of compliance with the Court's Order of Preliminary injunction,[1] filed by Defendants Loren Jackson in his Official Capacity as Harris County District Clerk and Wes McCoy in his Official Capacity as Chief Deputy-Services for the Harris County District Clerk's office, and (2) a motion for protective order (#41) filed by Defendant Loren Jackson in his Official Capacity as Harris County District Clerk. A hearing on the motions was held on December 17, 2009.

After reviewing the briefs and considering the arguments presented to the Court at the hearing, the Court concurs with

---

[1] Instrument #28. The Court hereby incorporates the Order of Preliminary Injunction into this Opinion and Order.

Plaintiff Courthouse News Service that the record in this case strongly supports its contention that the violation of its and the public's right of access to newly filed case-initiating documents under the First Amendment of the United States Constitution by Defendants is "capable of repetition, yet evading review," and thus this Court has jurisdiction to continue hearing the case. *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911); *Kucinich v. Texas Democratic Party*, 563 F.3d 161, 164 (5th Cir. 2009).

Defendants bear a "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't'l Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). *In accord Pederson v. Louisiana State University*, 213 F.3d 858, 874 (5th Cir, 2000)(to demonstrate mootness a party bears a "heavy burden" and must show that "there is no reasonable expectation that the wrong will be repeated."). In matters involving public as opposed to private rights, "the standard is a high one." *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1346 (5th Cir. 1981).

The cessation of the delay by Defendants in providing first-day access to the public was far from voluntary, as evidenced by testimony at the preliminary injunction hearing. Moreover it was effected only in response to this Court's Order of Preliminary Injunction, as Defendants have conceded in their motion and again

during the hearing.  The Court finds that Defendants have failed to show why delays could not "reasonably" be expected to recur, no less demonstrate that such is "absolutely clear."  Their attitude toward curing the alleged obstruction during negotiations with Plaintiff and throughout this litigation can at best be described as indifferent, irresponsible, and even recalcitrant, describing delays in access of three to nine business days to newly filed documents as "slight," "reasonable," and not in violation of the law.  Plaintiff is correct that, as evidence of Defendants' claim of current compliance with the Court's Order, Defendants tout a new procedure making greater numbers of electronic records quickly available on line.  Nevertheless consistent same-day access to case-initiating documents was not a focal point nor a goal of the program.  Moreover, electronic access appears to make Plaintiff's task of determining which newly filed documents are not on line more difficult.  In the context of Defendants' past stubbornness, their verbal assurances that they have complied with the preliminary injunction and the case is moot are no persuasive, not are their representations enforceable.  Without declaratory and permanent injunctive relief, Plaintiff would have no protection from future access delays because they might occur not simply from an outright change in policy, but surreptitiously from a mere relaxation of effort by court personnel and the piling up of newly filed petitions.  *Jones v. Diamond*, 636 F.2d 1364, 1375 (5th Cir.

1981)("Changes made by defendants after a suit is filed do not remove the necessity for injunctive relief for practices may be reinstated as swiftly as they were suspended. . . . The burden is on the defendants to prove that the wrongs of the past could not reasonably be expected to recur."), *overruled on other grounds*, *International Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). *See also United States v. Oregon State Medical Society*, 343 U.S. 326, 333 (1952)("It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption."). *See also United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)("Both sides agree to the abstract proposition that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of practices settled, militates against a mootness conclusion." [citations omitted).

Where as here, an issue is capable of repetition, yet evading review if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2)

there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Kucinich*, 563 F.3d at 164. As Plaintiff has argued, the first prong is satisfied here because a more-than-one-day delay in access to any particular case-initiating document is likely to be long enough to injure the member of the media who seeks it, but not long enough to permit judicial intervention. As for the second prong, it is reasonable to expect that Courthouse News, which publishes reports of new litigation in the Harris County Civil District Courts, will experience similar delays in the future. *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 377-78 (1979)("[It] is reasonably to be expected that the petitioner, as publisher of two New York newspapers, will be subjected to similar closure orders entered by New York courts . . . ."); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596 (1982)(after newspaper challenged order excluding press and public from a criminal trial, the Court held that even though the order expired at the end of the trial, it did not render the controversy moot because it was capable of repetition, yet evading review since it could reasonably be assumed that the newspaper would someday be subject os a similar order); *Barrett v. Roberts*, 551 F.2d 662, 665 (5th Cir. 1977)(alleged delay in AFDC benefits for a particular month was not mooted by lack of subsequent delays but was "a classical example of a question which is 'capable of repetition, yet evading review.'"); *United States v,*

*Antar*, 38 F.3d 1348, 1356 & n.7 (3d Cir. 1994)("This court has consistently found a reasonable likelihood of recurrence to exist in situations involving denial of press access to criminal proceedings and transcripts"; [W]hat is important is that these parties not again be denied their right of access to otherwise public transcripts without first receiving the procedural and substantive protections that are prerequisite to such exclusions.").

Accordingly, the Court

ORDERS that Defendants' motion to dismiss (#39) is DENIED.

The Court further

ORDERS that Defendant Loren Jackson's motion for protective order (#41), which is conditioned upon dismissal of this suit, is also DENIED. Defendants shall file responses to Plaintiff's discovery requests within twenty days of receipt of this order.

Finally, to ensure that the request for extension of current scheduling deadlines complies with the Court's schedule, the Court

ORDERS that the parties shall appear for a scheduling conference before United States Magistrate Judge Frances Stacey on January 13, 2010 at 10:00 a.m. in Courtroom 704.

**SIGNED** at Houston, Texas, this _18th_ day of December, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE