IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COURTHOUSE NEWS SERVICE,** | § § § § | |
| *Plaintiff,* | | |
| v. | § § § | CIVIL ACTION NO. 4:09-CV-01844 |
| **LOREN JACKSON, in his official capacity as Harris County District Clerk, and WES MCCOY, in his official capacity as Chief Deputy- Services for the Harris County District Clerk's Office,** | § § § § § § § § | |
| *Defendants.* | § | |

AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT

Be it remembered that on **March 2nd**, 2010, the above entitled and numbered cause came on for consideration on the joint motion of the parties. Plaintiff Courthouse News Service ("Plaintiff" or "CNS"), by and through its attorneys of record, and Loren Jackson in his Official Capacity as Harris County District Clerk and Wes McCoy in his Official Capacity as Chief Deputy—Services for the Harris County District Clerk's Office (collectively "Defendants" or "District Clerk's Office"), by and through their attorneys of record, appeared and announced that all matters currently in controversy between them would be compromised and settled and that in furtherance thereof, an Agreed Permanent Injunction and Final Judgment in Plaintiff's favor should be entered.

The Court finds that it has jurisdiction of the parties and of the subject matter of the suit, and that all matters currently in controversy between the parties are being compromised and settled, that there are no further matters in issue between the parties at this time, and that an

1

agreed permanent injunction and final judgment should be rendered in favor of Plaintiff and against Defendants.

In support of entry of this order, the Court finds that Plaintiff has a right of timely access under the First Amendment to the U.S. Constitution to newly-filed petitions and other case-initiating documents, and that none of the justifications for delays presented by Defendants during the course of these proceedings were sufficient to constitute a compelling or overriding interest that would overcome Plaintiff's First Amendment right of access.

In further support of entry of this order, the Court finds that violation of a party's constitutional rights constitutes irreparable harm as a matter of law; that the injury to Plaintiff outweighs any damage an injunction could cause Defendants; and that Defendants have agreed to the entry of a permanent injunction. There is an important First Amendment interest in providing timely access to new case-initiating documents.

Accordingly, it is therefore ORDERED, ADJUDGED AND DECREED that Defendants, and all of the Harris County District Clerk's officers, agents, and employees, and all persons in active concert or participation with the aforementioned, upon actual notice of this order, are hereby permanently enjoined from denying Plaintiff and all of its officers, agents, and employees same-day access to, and ability to download, print, or obtain a hard copy of, all petitions and case-initiating documents in civil cases (excluding family law cases), filed and received by the Harris County District Clerk between 12:00 a.m. midnight and the time the Harris County District Clerk's Office closes (at the present time, this means up until 5:00 p.m. Central Time Monday through Friday), except in the following circumstances:

Case 4:09-cv-01844   Document 57-1   Filed in TXSD on 02/26/10   Page 3 of 6

(1) where the filing party is seeking a temporary restraining order or other emergency relief, or has properly filed the document under seal, or an applicable court order, statute, or local rule provides that the document is confidential;

(2) where the Civil Intake section of the District Clerk's Office is in critical staffing mode or completely closed for business due to inclement weather, building evacuation, or other emergency;

(3) where a party has electronically filed a case-initiating document with a third-party provider but the document has not been received by the District Clerk's Office, in which case the document will be made available during normal business hours on the same day that it is received by the District Clerk's Office;

(4) where a case-initiating document has been rejected for lack of a filing fee and immediately returned to the party who filed the document; and

(5) where other extraordinary circumstances outside of the control of the District Clerk's Office make compliance literally impossible, in which case the document will be made available on the same day that compliance is no longer impossible.

It is further ORDERED, ADJUDGED AND DECREED that as to all petitions and case-initiating documents in civil cases (excluding family law cases) filed and received by the Harris County District Clerk between the time the District Clerk's Office closes (currently 5:00 p.m.) and 11:59 p.m. Central Time Monday through Friday, and at any other time the District Clerk's Office is closed (currently on Saturday, Sunday and legal holidays), Defendants, and all of the Harris County District Clerk's officers, agents, and employees, and all persons in active concert or participation with the aforementioned, upon actual notice of this order, are hereby permanently enjoined from denying Plaintiff and all of its officers, agents, and employees, access

Case 4:09-cv-01844   Document 57-1   Filed in TXSD on 02/26/10   Page 4 of 6

to, and ability to download, print, or obtain a hard copy of, such documents on the next business day the District Clerk's Office is open, except in the following circumstances:

(1) where the filing party is seeking a temporary restraining order or other emergency relief, or has properly filed the document under seal, or an applicable court order, statute, or local rule provides that the document is confidential;

(2) where the Civil Intake section of the District Clerk's Office is in critical staffing mode or completely closed for business due to inclement weather, building evacuation, or other emergency;

(3) where a party has electronically filed a case-initiating document with a third-party provider but the document has not been received by the District Clerk's Office, in which case the document will be made available during normal business hours on the same day that it is received by the District Clerk's Office;

(4) where a case initiating document has been rejected for lack of a filing fee and immediately returned to the party who filed the document; and

(5) where other extraordinary circumstances outside of the control of the District Clerk's Office make compliance literally impossible, in which case the document will be made available on the same day that compliance is no longer impossible.

The Court finds that Plaintiff is the prevailing party for the purposes of an award of attorneys' fees pursuant to 42 U.S.C. § 1988. Accordingly, Plaintiff shall have and recover from Defendants, jointly and severally in their official capacities only and payable through Harris County, the total sum of $253,416.69 as reasonable and necessary attorneys' fees and expenses incurred in the prosecution of this action, which shall be payable within thirty (30) days after entry of this judgment.

All costs of court are taxed against Harris County, Texas.

The Clerk of Court shall return to Plaintiff the $1,000.000 cash bond previously posted by Plaintiff, together with accrued interest.

All proper legal actions for the enforcement and collection of all or any part of the judgment awarded herein may issue as necessary.

All relief requested in this case and not granted herein is DENIED. This judgment disposes of all parties and all claims and is in all respects final; however, this Court shall retain jurisdiction over this matter for purposes of enforcing the Agreed Permanent Injunction.

SIGNED at Houston, Texas, this 2nd day of March, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

**APPROVED AS TO FORM
AND SUBSTANCE:**

/s/ *John K. Edwards*
JOHN KILEY EDWARDS
Attorney-In-Charge
State Bar No. 24002040
S.D. ID. No. 21645
Jackson Walker, L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
jedwards@jw.com

5

Rachel Matteo-Boehm
State Bar No. 00796221
Katherine Keating
Laurie J. Rust
Admitted *Pro Hac Vice*
Holme, Roberts & Owen, L.L.P.
560 Mission Street, Suite 2500
San Francisco, California 94105
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

ATTORNEYS FOR PLAINTIFF
COURTHOUSE NEWS SERVICE


*/s/ Mary E. Baker*
MARY E. BAKER
Assistant County Attorney
Federal I.D. No. 7647
State Bar No. 08534000
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 755-7166
Facsimile: (713) 755-8924

BRUCE S. POWERS
Assistant County Attorney
Federal I.D. No. 2785
State Bar No. 16215500
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 755-8359
Facsimile: (713) 755-8924

ATTORNEYS FOR DEFENDANTS
LOREN JACKSON AND WES MCCOY
IN THEIR OFFICIAL CAPACITIES


5726783v.1